IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: SMITH & NEPHEW BIRMINGHAM HIP RESURFACING (BHR) HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL-17-md-2775<br>Hon. Catherine C. Blake |
| PATRICK KELLEY AND MARY KELLEY<br><br>Plaintiffs,<br><br>v.<br><br>SMITH AND NEPHEW, INC.,<br><br>Defendant. | Case No. 1:19-cv-1767<br><br><br>This Document Relates to<br>THA TRACK CASES |

**THA TRACK SHORT FORM COMPLAINT FOR PLAINTIFFS WITH BHR CUPS, MODULAR FEMORAL HEADS AND STEMS (THA CASES NOT INVOLVING THE R3 METAL LINER)**

1. Plaintiffs, Patrick Kelley and Mary Kelley, state and bring this civil action involving a total hip arthroplasty ("THA") as part of the "THA Track" in MDL No. 2775, entitled *In re: Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*. Plaintiffs are filing this Short Form Complaint pursuant to CMO No. 10, entered on September 24, 2018 by this Court.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff Patrick Kelley is a resident and citizen of Illinois and claims damages as set forth below.

3. Plaintiff's Spouse, Mary Kelley, is a resident and citizen of the State of Illinois, and claims damages as set forth below.

4. Federal jurisdiction is based on diversity of citizenship.

5. The Federal District in which Plaintiff's initial implant took place: Northern District of Illinois.

6. The Federal District in which Plaintiff's revision(s) surgeries took place: Northern District of Illinois.

7. Plaintiff brings this action on behalf of himself.

## FACTUAL ALLEGATIONS

8. On or about April 15, 2008, Plaintiff underwent surgery during which the Smith & Nephew Birmingham ("BHR") femoral head and BHR acetabular cup were implanted into Plaintiff's right hip, along with the following non-BHR System component: Smith & Nephew Emperion femoral stem.

9. Plaintiff's right hip implant surgery was performed at Mercyhealth Rockford Memorial Hospital at 2400 North Rockton Ave. in Rockford, Illinois by Mark L. Barba, MD.

10. Plaintiff underwent the following medically indicated revision of the hip implant on or about the following date: August 1, 2017. Plaintiff received the following hip components during the revision surgery: Smith & Nephew Oxinium femoral head and a Stryker Restoration acetabular liner.

11. Plaintiff alleges the following complications and/or injuries as a result of the components implanted in Plaintiff's hip, some or all of which made revision surgery medically necessary: Plaintiff experienced persistent pain and discomfort from his metal-on-metal right hip implant and was later diagnosed with metallosis.

12. Plaintiff's revision surgery was performed by Mark L. Barba, MD at Rockford Memorial Hospital at 2400 North Rockton Ave. in Rockford, Illinois.

13. Plaintiff's revision surgery/surgeries resulted in the following intra-operative findings and/or diagnoses: <u>Plaintiff had a cloudy effusion and patulous capsule. In addition, the sleeve from his initial implant was heavily corroded when removed. There were varying degrees of necrosis and granulation noted in Plaintiff's operative report.</u>

14. Plaintiff adopts the allegations of the BHR-THA Master Amended Consolidated Complaint ("BHR-THA MACC") filed August 14, 2018, against Smith & Nephew, Inc.[1] and all amendments to the BHR-THA MACC.

15. Notwithstanding the foregoing, Plaintiff does not adopt the following paragraphs of the BHR-THA MACC: <u>N/A.</u>

16. Notwithstanding the foregoing, Plaintiff additionally alleges that: <u>As a result of the device failure, Plaintiff began experiencing persistent pain and discomfort in his hip that dramatically affected his daily life. Plaintiff later had his blood tested and the results clearly indicated that Plaintiff had metallosis.</u>

## **ALLEGATIONS AS TO INJURIES**

17. (a) Plaintiff claims damages as a result of (check all that are applicable):

| | |
|---|---|
| __X__ | INJURY TO HIMSELF |
| _____ | INJURY TO THE PERSON REPRESENTED |
| _____ | WRONGFUL DEATH |
| _____ | SURVIVORSHIP ACTION |
| __X__ | ECONOMIC LOSS |

---

[1] Plaintiffs have since voluntarily dismissed two additional defendants named in the BHR-THA MACC, Smith & Nephew plc and Smith & Nephew Ltd. Adoption of the BHR-THA MACC does not act as a means by which a plaintiff can sue these now-dismissed defendants or any other foreign defendants.

(b) Plaintiff's spouse claims damages as a result of (check all that are applicable):

__X__     LOSS OF SERVICES

__X__     LOSS OF CONSORTIUM

18.   In addition to the allegations in the THA-MACC, Plaintiff alleges that [Plaintiff and/or Plaintiff's physician] (i) viewed and/or heard the following representations that Plaintiff alleges are false, misleading, incomplete, or otherwise were misrepresentations: <u>Defendant failed to inform Plaintiff about risks of metallosis, or any other metal related complications; Defendant failed to inform Plaintiff about the risks of metal-on-metal hips;  Defendant failed to inform Plaintiff about lack of FDA approval for the device;  Defendant failed to inform Plaintiff about off-label use of the THA system components; Defendant failed to inform Plaintiff of the risk of premature failure of the device</u> on or about <u>April 15, 2008</u> and (ii) relied upon those representations or misrepresentations as described in the THA-BHR MACC as well as in the following manner: <u>Plaintiff relied on these representations and omissions when consenting to have his hip replaced with the THA system.</u>

19.   Defendant(s), by its/their actions or inactions, caused the injuries to Plaintiffs as alleged in the BHR-THA MACC.  Plaintiffs additionally allege that Defendant(s) caused his injuries as follows: <u>Plaintiff experienced persistent pain and discomfort.  Plaintiff could feel that the device was loose and when he bent over the device would often pop out of place causing additional pain.  As a result of the complications the Plaintiff was going through, his life was drastically affected.  Plaintiff could no longer enjoy time with his wife and family the way he had in the past.  Plaintiff could no longer help with chores around the house because of his inability to bend over.  In addition, Plaintiff could no longer walk his two Great Danes.  Plaintiff's wife was reluctantly forced to do all of the things that Plaintiff could no longer do.  This issue, along with</u>

the inability to be intimate in the way they had once been, caused stress between Plaintiff and his spouse. In addition, Plaintiff could no longer participate in other family functions. Plaintiff could no longer play yard games with his children and grandchildren. Plaintiff could not get down on the floor to play with his grandchildren and could not pick them up for feeling of falling over due to the pain in his hip. Outside of the home, Plaintiff suffered at work where he had started calling in more often due to his inability to ambulate. The pain became so bad that Plaintiff felt he had no choice but to retire after twenty-one years as an emergency room nurse. Plaintiff's social life had suffered as a result of the failing device and the related complications. Plaintiff could no longer go bowling, which had been a staple of his family life for years, nor could Plaintiff participate in other athletic activities as he had in the past. In fact, Plaintiff's social life overall was completely changed because he could no longer attend social functions or parties with friends because it was difficult to sit or stand for extended periods of time.

**DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

20. The following claims and allegations in the BHR-THA MACC are asserted by Plaintiffs and are herein adopted by reference:

    __X__    COUNT I (Strict Products Liability, Design Defect and Failure to Warn)

Specific state common law and statutory law that applies: Illinois.

    __X__    COUNT II (Negligence and Negligent Failure to Warn)

Specific state common law and statutory law that applies: Illinois.

    __X__    COUNT III (Negligence Per Se)

Specific state common law and statutory law that applies: Illinois.

    __X__    COUNT IV (Breach of Express Warranty)

Specific state common law and statutory law that applies: Illinois.

   __X__     COUNT V (Breach of Implied Warranty)

Specific state common law and statutory law that applies: <u>Illinois.</u>

   __X__     COUNT VI (Negligent Misrepresentation)

Specific state common law and statutory law that applies: <u>Illinois.</u>

   __X__     COUNT VII (Unfair and Deceptive Trade Practices)

Specific state common law and statutory law that applies: <u>Illinois.</u>

   __X__     COUNT VIII (Fraudulent Concealment)

Specific state common law and statutory law that applies: <u>Illinois.</u>

   __X__     COUNT IX (Punitive Damages)

Specific state common law and statutory law that applies: <u>Illinois.</u>

21.    In addition to the above in paragraph 20, Plaintiffs assert that the facts as alleged in the BHR-THA MACC and as additionally alleged above support the following additional causes of action under applicable state law: <u>Illinois Consumer Fraud and Deceptive Business Practices Act.</u>

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages;
2. Pre-judgment and post-judgment interest;
3. Statutory damages and relief of the state whose laws will govern this action;
4. Costs and expenses of this litigation;
5. Reasonable attorneys' fees and costs as provided by law;
6. Equitable relief in the nature of disgorgement; and
7. All other relief as the Court deems necessary, just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury as to all claims in Complaint so triable.

Dated: June 18, 2019

Respectfully submitted,

BY: /s/ Rachal G. Rojas
Rachal Rojas
RRojas@JohnsonLawGroup.com
Federal Bar No.: 1005606
Andrew K. Gardner
AGardner@JohnsonLawGroup.com
Federal Bar No.: 2839998
Matthew Yezierski
MYezierski@johnsonlawgroup.com
Pro Hac Id. No.: 810839
JOHNSON LAW GROUP
2925 Richmond Avenue, Suite 1700
Houston, Texas 77098
Tel: (713) 626-9336
Fax: (800) 731-6018

**ATTORNEYS FOR PLAINTIFF**